WALKER *v.* ATLANTIC AVE. R. CO.

(*City Court of Brooklyn, General Term.* November 24, 1890.)

NONSUIT—INJURIES TO PASSENGERS—QUESTION FOR JURY.

    Plaintiff, who was a passenger in defendant's open horse-car, sitting in the outside seat, was injured by a kick from a horse going in the same direction as the car. In an action against the railroad company for damages therefor, he testified that the car approached a pair of horses on the track, on one of which a man was riding, and leading the other; that the man commenced to get them out of the way, but the driver of the car ran the car against the legs of the led horse, so that the front and end of the step at the side of the car struck the horse, which then kicked plaintiff on the knee. His testimony was contradicted by all the other witnesses, seven in number; but, of these, two were the driver and conductor of the car, and the testimony of the others was not positive, and, in some particulars, not consistent. *Held*, that a dismissal of the complaint was improper, as the question of the improbability of plaintiff's testimony was for the jury.

Appeal from trial term.

Action by James Walker against the Atlantic Avenue Railroad Company for injuries to plaintiff while a passenger on defendant's horse-car. At the trial, the complaint was dismissed. From the judgment for defendant entered thereon, plaintiff appealed.

Argued before VAN WYCK and OSBORNE, JJ.

*R. H. Carpenter*, for appellant. *Tracy, McFarland, Boardman & Platt,* for respondent.

VAN WYCK, J. This action was brought to recover damages alleged to have been sustained through the negligence of defendant. At the close of the testimony on both sides, the court dismissed the complaint. The only question presented to us on this appeal is whether or not there was sufficient evidence to carry the case to the jury, on the alleged negligence of defendant. A liberal intendment of the evidence should be given in favor of plaintiff in the consideration of this question. There is testimony which shows, if true, that plaintiff, while a passenger, was riding in an open horse-car, sitting on the left-hand side of the second double seat in the outside seat from the front, facing in that direction; that along each side of the car there is a long platform about 12 inches wide, running along the entire length of the car, which is used as a step to get on and off the car. There is no other step, and the seats run across the car. While he was so riding, and while the car was moving at a rapid speed, it approached a pair of horses on the track in front of the car-team going in the same direction, a man riding on one of the horses, and leading the other.' As the car approached this pair of horses, this man riding on one, and leading the other, commenced to get them out of the way of the car-team, and while in the act of leaving the track, and getting a sufficient distance from the car and team to avoid a collision, the driver of the car, without slacking his speed, and before the horse so being led could or did get sufficiently out of the way, ran the car (the front and side of this

step) against the legs of this horse, when he gave a start, and kicked up and hit the plaintiff upon his knee, inflicting serious injury to the knee and leg. There was no contention on the argument of this appeal that, if the testimony to the foregoing effect was true, then it was for the jury to say whether such conduct of the driver was negligence. Defendant chiefly rested its claim to a nonsuit upon the ground that the testimony of plaintiff to a collision between the car and horse was contradicted by all the other witnesses, seven in number, and was further weakened by the circumstance that plaintiff testified that both the front end and side of this step collided with the horse. It does not seem improbable that the front and side of the step should have hit the horse; and that he was hit explains his kicking. Plaintiff's testimony is not so weakened by contradictions or inconsistencies as to call upon the court to pronounce it unreliable, though the jury might do so. Let us see if the testimony relating to the alleged collision given by the other seven witnesses is so free from interest, bias, and innate weakness as to call upon the court to pronounce the testimony of plaintiff unworthy of credit, and false, in respect to the asserted collision. Malone and McNerney, two of the seven, were both in the employ of defendant, the former as driver and the other as conductor of this very car, and the former is charged by plaintiff with the negligent acts of which he complains. Sutton was reading his paper, and the noise of the kick attracted his attention, and he saw plaintiff take hold of his leg and say: "It is broken." Donnelly cannot say whether the car struck the horse or not. Whitlock locates the horses at a different point from all the other witnesses. Payne says he is not certain he was not sitting with his back to the driver; if he did, of course, he did not see the collision. Oliver says he knew nothing of the position of the horses before the kicking. We do not believe the court, as a matter of law, on the motion for a nonsuit, was called upon to pronounce the story of the collision by the plaintiff false, or insufficient to sustain a verdict in his favor, because of the conflict between him and the other witnesses above referred to. Fair proponderance does not mean the largest number of witnesses, but requires evidence of such weight and character as will convince the minds of rational and reasonable jurors. We are of the opinion that judgment herein should be reversed, and a new trial ordered, with costs to abide the event.